UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. MAPLES,

    Plaintiff,                         Case No. 06-14775

v.                                    District Judge Bernard A. Friedman
                                      Magistrate Judge R. Steven Whalen

COUNTY OF MACOMB, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Carl Marlinga's Motion for Summary Judgment filed on January 3, 2007 [Docket #9], Defendant James Sullivan's Motion for Summary Judgment, filed on February 2, 2007 [Docket #24], and Plaintiff's Motion to Dismiss Defendant Macomb County Circuit Court [Docket #26], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1]

For the reasons set forth below, I recommend that Defendant Carl Marlinga's motion [Docket #9] be GRANTED on the basis of prosecutorial immunity, dismissing claims against him in his personal and official capacities. Defendant James Sullivan's motion [Docket #24] should also be GRANTED on the basis of prosecutorial

---

[1]On March 6, 2007, Plaintiff withdrew his claims against Defendant Macomb County Circuit Court by filing a "Motion to Dismiss" [Docket #26].

immunity, dismissing claims against him in his personal and official capacities. Plaintiff's motion, construed as a request to withdraw his claims against Defendant Macomb County Circuit Court [Docket #26], should also be GRANTED.

## I. FACTUAL BACKGROUND

Plaintiff, currently a Bureau of Prisons inmate at F.C.I. Milan, filed the present suit on October 23, 2006 pursuant to 42 U.S.C. §§1983 and 1985, alleging violations of his Fifth, Sixth, Eighth, and Fourteenth Amendments rights by the County of Macomb Circuit Court, James Sullivan, a former Assistant Macomb County Prosecuting Attorney, Carl Marlinga, former Chief Macomb County Prosecuting Attorney, and Daniel Feinberg, Plaintiff's former criminal defense attorney.[2]

Parties stipulate to the factual and procedural background as set out in *Maples v. Stegall*, 427 F.3d 1020, 1023 -1025 (6th Cir. 2005). The Sixth Circuit, remanding with directions to issue the Writ of Habeas Corpus, held that Plaintiff's right to a speedy trial pursuant to *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) had been violated by a 25-month delay caused by his co-defendant's motions and the State's delays. In addition, the court found that Feinberg's erroneous advice that a guilty plea would not foreclose his ability to appeal his speedy-trial claim amounted to ineffective assistance of counsel. The court also noted that Plaintiff's criminal co-defendant's plea condition that he not testify on

---

[2]Daniel Feinberg was not served.

Plaintiff's behalf "may have violated" Plaintiff's due process rights.

Plaintiff alleges first that all Defendants conspired to deprive him of his due process rights, as well as his Sixth Amendment right to counsel and Eighth Amendment right to be free from cruel and unusual Punishment. *Complaint* at 4. Next, Plaintiff contends that Defendants Sullivan and Marlinga violated his due process rights by advising Plaintiff's criminal co-defendant James Murphy that he would receive a much harsher sentence is he testified on behalf of Plaintiff. *Id*. at 5. Finally, Plaintiff alleges that Defendant Feinberg violated his Fifth, Sixth, and Fourteenth Amendment rights by erroneously advising him that he would not waive his claim to a speedy trial by accepting a guilty plea. *Id.* at 5-6.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the

movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

**A. Claims Against Defendants in Their Personal Capacities**

**1. Absolute Immunity**

"Judges and prosecutors have long been held to be absolutely immune from being sued on account of their judicial or prosecutorial acts." *Cullinan v. Abramson,* 128 F.3d 301, 307 -308 (6th Cir. 1997); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Moreover, although a prosecutor "is protected only by qualified immunity . . . where he functions as a complaining witness in presenting a judge with a complaint and supporting affidavit to establish probable cause for an arrest . . . a criminal prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate." *Kalina v. Fletcher,* 522 U.S. 118, *118, 118 S.Ct. 502, 504,139 L.Ed.2d 471 (1997). "Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the

protections of absolute immunity." *Buckley v. Fitzsimmons,* 509 U.S. 259, 260, 113 S.Ct. 2606, 2608 - 2609, 125 L.Ed.2d 209 (1993). However, prosecutors "acting not as advocates but investigators . . . would be entitled to only qualified immunity." *Id.* at 260, 2609.

Pursuant to *Buckley*, claims against Defendants Maringa and Sullivan, taken as true, fall squarely within their roles as advocates for the State and are thus barred by absolute immunity. *Complaint,* ¶¶10-38. Specifically, Plaintiff's claim that Defendants "made a deal with co-defendant [Murphy] not to testify on behalf of Plaintiff," and violated his speedy trial rights pertain to an "integral part of the litigation" and are thus not cognizable under §1983. *Skinner v. Govorchin* 463 F.3d 518, 525 (6th Cir. 2006).[3]

**2. Conspiracy**

"Section 1985(3) prohibits a conspiracy 'for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the

---

[3]Although Plaintiff's claim here are barred by absolute immunity, the Sixth Circuit noted that "Murphy's plea condition may have violated [Maple's] right to compulsory process. We have previously stated that 'governmental conduct which amounts to a substantial interference with a witness'[s] free and unhampered determination to testify will violate due process.'" *Maples v. Stegall,* 427 F.3d 1020, 1034 (6th Cir. 2005) *United States v. Foster,* 128 F.3d 949, 953 (6th Cir.1997).

laws or of equal privileges and immunities under the laws.'" *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 314 (6th Cir. 2005); 42 U.S.C. § 1985.

To maintain a cause of action under §1985, "one must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Radvansky,* 395 F.3d at 314 (6th Cir. 2005)(internal citations omitted).

To state a claim under § 1985(3), the complaint must allege a race or class-based discriminatory animus. *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992). In addition, where the only contention in a complaint regarding an alleged conspiracy is conclusory, the complaint fails to state a claim under 42 U.S.C. § 1985. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1971).

Most fundamentally, Plaintiff's allegation that Defendants conspired to violate his constitutional rights in violation of 42 U.S.C. §1985 should be dismissed due to his failure to allege any overt act to support the claim**.** Moreover, the Complaint's omission of allegations that the conspiracy was motivated by class-based animus further defeats the claim**.** "The mere drumbeat repetition of words such as 'arbitrary,' 'capricious,' and 'conspiracy' do not suffice to turn lawful conduct into a violation

of federal rights, and courts will not look with favor on complaints which, trading on mere conclusory charges, fail to set out the specifics of a tenable claim." *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506 (1st Cir. 1987).

**B.      Claims Against Defendants in Their Official Capacities**

Generally, claims against defendants in their official capacities, *i.e*, in their capacity as agents of the state under 42 U.S.C. §1983, are subject to dismissal on the basis that "[t]he United States Supreme Court has specifically held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Price v. Caruso,* 451 F.Supp.2d 889, 902 (E.D.Mich.2006); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Nonetheless, "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908).

Plaintiff requests that the Court "[i]ssue an injunction against all Defendants (sic) named herein, from using their official power to retaliate (sic) against Plaintiff, his family and their property should the Defendants engage in any retaliation against Plaintiff[,] his family and or property . ." *Complaint* at 22. The Court construes this request to enjoin Defendants Marlinga and Sullivan from using their authority as prosecuting attorneys from retaliating against Plaintiff for initiating the present suit.

However, in light of the fact that the complaint acknowledges that both Marlinga and Sullivan are *former* prosecutors the request for injunctive relief is moot. Even assuming for the sake of argument that present Defendants were in a position to retaliate against Plaintiff, his family, or property, he has not provided the Court with any basis conclude that either Defendant intends to retaliate - indeed the request states that "*should* the Defendants (sic) engage in any retaliation . . ."(emphasis added). Accordingly, Plaintiff's request for injunctive relief should be denied.

## IV. CONCLUSION

I recommend, for the reasons stated above, that Defendant Carl Marlinga's motion [Docket #9] be GRANTED on the basis of prosecutorial immunity, dismissing claims against him in his personal and official capacities. Defendant James Sullivan's motion [Docket #24] should also be GRANTED on the basis of prosecutorial immunity, dismissing claims against him in his personal and official capacities. Plaintiff's motion, construed as a request to withdraw his claims against Defendant Macomb County Circuit Court [Docket #26] should also be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues

but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 13, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 13, 2007.

s/Susan Jefferson<br>
Case Manager

Defendants are further immune from liability for monetary damages in their official capacities on the basis of the Eleventh Amendment. Likewise, Plaintiff's claims for equitable relief fail on the absence of a constitutional violation. *See Will v. Michigan Department of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 56 L.Ed.2d 45 (1989).

The Eleventh Amendment to the United States Constitution bars a lawsuit by a citizen against a State, unless the State has waived its immunity. *Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468, 472-473, 107 S.Ct. 2941, 2945-2946, 97 L.Ed.2d 389 (1987) (plurality opinion); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The State of Michigan has not waived its sovereign immunity. Further, Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.*

Generally, claims against defendants in their official capacities, *i.e*, in their capacity as agents of the state under 42 U.S.C. §1983, are subject to dismissal on the basis that "[t]he United States Supreme Court has specifically held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Price v. Caruso,* 451 F.Supp.2d 889, 902 (E.D.Mich.2006); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Nonetheless, "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). Further, official capacity claims do not falter on a defendant's lack of personal involvement. "Official capacity suits, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245 (6th 1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). *See also Miller v. Calhoun County,* 408 F.3d 803, 817 (6th Cir. 2005)("Accordingly, as it appears that [defendants] are being sued in their official capacities, we treat the claims against them as being claims against the County.")